## Kindred *v.* City of Philadelphia, Appellant.

*Eminent domain—Opening of streets—Damages—Evidence—Amount of fill required—Harmless error.*

In a proceeding to recover compensation for damages to plaintiff's property occasioned by the opening of a street at a grade above the natural surface, the plaintiff was permitted to show by a civil engineer the amount of fill required to bring the land to the new grade, in advance of any evidence that the inconvenience created by the city's improvement would have affected the market value, and in the absence of all evidence that any filling would be required for the proper use and development of the property. The witness did not testify as to the amount of depreciation on the property or say that such filling would be required to make the property marketable, and it did not appear that his testimony was relied upon by the other witnesses, as to amount of fill required to restore the property to its former value, or that it entered into the verdict of the jury. *Held,* that the admission of

this testimony, while objectionable, did not constitute reversible error.

POTTER and MOSCHZISKER, JJ., dissent.


Argued Jan. 9, 1913.  Appeals, Nos. 330, 331, and 332, Jan. T., 1912, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1910, Nos. 3914, 3915, and 3918, on verdict in cases of Charles F. Kindred v. City of Philadelphia, and Charles F. Kindred, Lalla E. Oakford and Jesse R. Elliott, Executors, Estate of Sarah E. Kindred v. City of Philadelphia.  Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.


Appeal by the city from the award of a jury of view assessing damages to property owners occasioned by the opening of a street.  Before BARRATT, J.

The facts are stated in the opinion of the Supreme Court.

The jury rendered a verdict in favor of the plaintiffs in all three cases, upon which judgment was subsequently entered.  Defendant appealed.


*Error assigned* was a ruling of the court on the admission of evidence in No. 330.


*Edwin O. Lewis,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellant, cited: Mead v. Pittsburgh, 194 Pa. 392; Bond v. Philadelphia, 218 Pa. 475; Chambers v. South Chester Boro., 140 Pa. 510; Edsall v. Jersey Shore Borough, 220 Pa. 591; Clark v. Philadelphia, 185 Pa. 503; McCombs v. Pittsburgh, 194 Pa. 348; Grier v. Homestead Boro., 6 Pa. Superior Ct. 542.


*Yerkes, Ross & Ross,* for appellees, cited: Patton v. Philadelphia, 175 Pa. 88; Dawson v. Pittsburgh, 159 Pa. 317; Reyenthaler v. Philadelphia, 160 Pa. 195; Darling-

ton v. Allegheny City, 189 Pa. 202; Shano v. Bridge Co., 189 Pa. 245; In re Melon Street, 182 Pa. 397; Mellor Executors v. Philadelphia, 160 Pa. 614; Wilkey v. Philadelphia, 180 Pa. 146; Strathern v. Braddock Borough, 11 Pa. Superior Ct. 1; Whitehead v. Manor Boro., 23 Pa. Superior Ct. 314; Shaffer v. Reynoldsville Boro., 44 Pa. Superior Ct. 1; Weinschenk v. Western Allegheny R. R., 233 Pa. 442; Hill v. Oakmont Boro., 47 Pa. Superior Ct. 261; Chambers v. South Chester, 140 Pa. 510; Clark v. Phila., 185 Pa. 503; McCombs v. Pittsburgh, 194 Pa. 348; Mead v. Pittsburgh, 194 Pa. 392.

OPINION BY MR. JUSTICE STEWART, February 24, 1913:

These three cases were tried together as one in the court below, and separate appeals have been taken. We have but a single assignment of error, and that relates to a ruling of the court with respect to evidence, which, as the record shows, was limited in its effect to the issue drawn in the case of Kindred v. Philadelphia, appeal No. 330, January Term, 1912. The other two appeals, Nos. 331 and 332, therefore bring nothing before us for our consideration, and they are accordingly dismissed. All three appeals were from judgments entered upon verdicts rendered in appeals from the award of viewers in condemnation proceedings. The City of Philadelphia in widening and regrading an old highway within the city limits, known as Castor Road, entered upon and appropriated a strip of land adjoining the highway thirty feet in width. The proceeding was for the recovery of damages which it was claimed resulted to the plaintiff. On the trial of the case plaintiff having first showed his title to the property, and the extent and boundaries of this particular holding or tract, next called to the stand a civil engineer, and proposed to prove by the witness the number of yards of fill that would be required to bring plaintiff's land up to the level of the established grade of the improved street or road. The offer was objected to on the ground that the

city could not be charged with the cost of filling up the land which was before in an uneven state and never levelled to any grade, and that the evidence offered was irrelevant and immaterial. The evidence was admitted and exception taken. This states the only question the appeal brings to our attention. The offer at the time it was made was open to the objection that it assumed conditions which the plaintiff was bound to show before any such evidence could become at all pertinent to the issue. The contentions which most frequently arise in cases of this kind result from failure to keep constantly in mind the one single issue that is being tried, viz: to what extent has the market value of plaintiff's property been impaired. The jury is allowed no other way of determining this question than the opinion of those having knowledge of the property and who are familiar with market values of real estate in the same neighborhood or section. Therefore it is, that the first thing required of a plaintiff who seeks recovery is that he offer some evidence of depreciation in value, which, without more, would in itself be sufficient to carry his case to the jury, even though it be but the opinion of a single witness. Such witness having testified that the market value of the land has depreciated, to whatever extent, in consequence of the appropriation, it then becomes entirely proper to develop from the witness what considerations entered into his estimate. If it be objected that some of the considerations which entered into his estimate are not proper subjects for compensation, a ruling may then and there be had defining at the outset what are and what are not proper elements of damage in the particular case; and within these limits all the evidence as to the extent of damage may be restricted; and, except as a witness will base his estimate of depreciation exclusively upon those matters which the court shall decide are properly to be considered, his testimony should be excluded. And it is also to be remembered that the witness is not speaking for himself, but for the

general buyer in the market, and he may be allowed to consider nothing except those features which would influence the general buyer in the open market with respect to his bid. Would the circumstance that the improvement had made access to the land from the street less convenient because of the elevation of the street than it was before, or the fact that it left the land below the surface of the street, whereas before it was on the level with it, reduce the value of the property in the estimation of the general buyer; so that if exposed to public sale, it would, in consequence of the change made by the improvement of the road, bring less than it would have brought before? If so, what would be the extent of the depreciation? Would such buyer regard it as necessary or important to the proper use and development of the property that the depreciation caused by the elevation of the road should be eliminated. If so, then the way becomes open for the plaintiff to show how much the general buyer would have abated his bid on this account, and the cost of making the required change in surface elevation may then be shown, not as a distinct item of damage for which recovery may be had, but as an aid in determining the difference in market value. Until evidence has been offered tending to show that depreciation has resulted because of increased irregularity of surface, it is wholly improper to introduce evidence as to what expenditure will be required to make even that which was before uneven; not only so, but such course is apt to divert the minds of the jury from the true issue. In this case the offer to show amount of fill required to make level plaintiff's land with the street, in advance of any evidence that the inconvenience created by the city's improvement would have affected the market value, and in the absence of all evidence that any filling would be required for the proper use and development of the property, the offer should have been refused. We have carefully examined the testimony in the case to determine whether by this evident mistake the appellant was preju-

diced. Plaintiff called three witnesses who testified to depreciation in value. We fail to find in the testimony of either one a reference to the testimony of the civil engineer, or anything to show that either relied at all upon the calculations made by the engineer. Each distinctly said that the irregularity of surface caused by the improvement had impaired the value of the property. Each seemed—without explicit expression on the subject—to be of opinion that in the mind of the general buyer a filling up to some extent would be required for proper use and development of the property, and each seemed to have made his own estimate as to what the cost of filling would be. There is no assignment bringing before us the sufficiency or competency of this evidence, and we can only assume that it was directed to the development of such elements of damage as the law recognizes, and that it was so assumed on the trial of the case. The civil engineer did not testify as to the amount of depreciation of value in the property, but merely as to the amount of fill required to level up the property, without even venturing to say that such filling would be required to make the property marketable. If it could be discovered that this testimony was relied upon as to amount of fill required to restore the property to its former value by the other witnesses, or that it entered into the verdict of the jury in any such way, we would sustain the assignment of error and reverse the judgment, since the offer implied an obligation on the city to do something to the property regardless of its effect on the market value; but error as it was to admit the testimony when offered, we are convinced that it neither controlled nor influenced the verdict, and we therefore overrule the assignment, and the judgment is affirmed.

POTTER and MOSCHZISKER, JJ., dissent.